## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISON

| | | |
|---|---|---|
| **MORRICK KIMBLE AND RYELL PRIDE** | § § § § § | **CIVIL ACTION NO.  7:22-cv-264** |
| **Plaintiffs** | § § | |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| | § § | |
| **AFD PETROLEUM LTD., AFD PETROLEUM (TEXAS) INC., ALASKA FUEL DISTRIBUTORS INC. and AFD HOLDINGS INC.,** | § § § § § | |
| **Defendants.** | | |

## ORIGINAL COMPLAINT

Plaintiffs RYELL PRIDE and MORRICK KIMBLE ("Plaintiffs"), by and through their attorneys, ELLWANGER LAW LLLP, brings this action for damages and other legal and equitable relief due to the Defendants' violation of the laws proscribing discrimination based on race against Defendants, AFD PETROLEUM LTD., AFD PETROLEUM (TEXAS) INC., ALASKA FUEL DISTRIBUTORS INC. and AFD HOLDINGS INC. (collectively "Defendants").

## INTRODUCTION

This is an action brought by Plaintiffs seeking damages from Defendants for acts of intentional discrimination based on race. Defendants, operating as an integrated enterprise and as joint employers, acted to discriminate against Plaintiffs in violation of Title VII of the Civil Rights Act of 1964, as amended,  42 U.S.C. § 2000e, et seq., the Civil Rights Act of 1866, as amended, and 42 U.S.C. § 1981, *et seq*.; (§ "1981"); the Texas  Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.,*  and any other causes of action that can be inferred from the facts set forth herein.

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) 42 U.S.C. § 1981, *et seq*., as amended. This Court also has personal jurisdiction over the Defendants according to the State of Texas' long-arm statute and the Defendants' contacts with the State that arise out of or relate to Plaintiff's experiences of race discrimination.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper in that the acts complained of herein, including unlawful employment practices, occurred within the federal District over which this Court has jurisdiction.

## PARTIES

3.      At all relevant times, Defendants, operating as an integrated enterprise and as joint employers, have continuously been and are now doing business in the State of Texas through:

(i)      Employing individuals in Midland, Texas;

(ii)     Providing fuel, lubricants, & bulk tanks products throughout Texas;

(iii)    Offering Frac Refueling systems and services throughout Texas; and

(iv)     Opening a retail location in Midland, Texas.

At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Title VII of the Civil Rights Act of 1964 and § 1981.

4.      Defendants are an integrated enterprise that offers a variety of supplies and

ORIGINAL COMPLAINT
KIMBLE AND PRIDE V. AFD

support to various industries including, but not limited to independently sourced bulk fuel, heavy-duty lubricants, grease, and fluids; efficient, state-of-the art delivery systems; on-site fuel and oil tank storage systems; accurate online satellite tank level monitoring; real-time billing and reporting; technical support; and, project management. Defendants' product lines are involved in various industries, including automotive, timber, agriculture, heavy construction, oil and gas, aviation, mining and manufacturing.

5.      Defendants further maintain an online share-drive in order to jointly share and control all payroll, administrative and regulatory documentation for all of their employees among their various operations.

6.      Defendants also jointly operate a unified human resources department, and respond to all human resources issues with the same documentation and procedures.

7.      Defendants AFD Petroleum LTD, AFD Petroleum (Texas) Inc., and AFD Holdings Inc. share a joint headquarters at 1444 78 Avenue NW, Edmonton, AB T6P 1L7, Canada.

8.      Defendant Alaska Fuel Distributors Inc. is headquartered at 1051 Van Horn Rd., Fairbanks, Alaska 99701.

9.      At all relevant times, Plaintiffs worked at Defendants' facility in Midland, Texas.

10.      At all relevant times, Plaintiffs were employees of Defendants as that term is defined in Title VII and § 1981.

11.      Plaintiffs are African American.

## JURISDICTION AND VENUE

12.      Plaintiffs Ryell Pride and Morrick Kimble have each timely filed a charge of discrimination with the EEOC, which constitutes a cross-filing with the Texas Commission on Human Rights. Plaintiffs received their Notices of Right to Sue from the EEOC within ninety (90)

3

days prior to the filing of this Complaint.

## FACTS UNDERLYING CLAIMS

13.     Plaintiff Pride was hired by Defendants at Defendants' facility base in Midland, Texas on or about August 19, 2019.

14.     Plaintiff Kimble was hired by Defendants from on or about August 13, 2018 to February 14, 2019 and on or about June 19, 2019 until on or about September 2019.

15.     As part of their job duties, Plaintiffs would either be assigned work shifts at Defendants' Midland Facility ("the Facility")  or be assigned to work shifts at customer job sites throughout the states of Texas and Oklahoma.

16.     Throughout Plaintiffs' employment at the Facility, Plaintiffs were subjected to an environment of pervasive discrimination on a daily basis.

## RACIAL SLURS AND DEROGATORY LANGUAGE

17.     Throughout Plaintiffs' employment with Defendants, Plaintiffs observed non-Black co-workers and managers frequently use racial slurs and derogatory language.

18.     Plaintiffs specifically heard their Hispanic co-workers use racial slurs in English or in Spanish when describing or speaking of the Black employees' work. The word "nigger" was among the racial slurs that Plaintiffs heard on a frequent basis.

19.     Plaintiff Pride heard multiple Hispanic employees use derogatory slurs toward Black employees.  He heard Hispanic employees say the word "nigger" in Spanish ("mayate")  and in English around and toward Black employees  multiple times.  He heard supervisors Alex Suarez and Shift Lead use the "N" word in English.  A White co-worker told Plaintiff Pride that management would use racial terms around him, including the word "rusty niggers," referring to employee from Louisiana, a term used by Mr. Gonzalez.

4

20.    Plaintiff Kimble heard managers say the word "nigger" in Spanish at least two times a week. A co-worker named Jerry (LNU) informed him of this translation.  He heard a supervisor named Patrick (LNU) use the  "N" word.

21.    As a result, Plaintiffs were subjected to a hostile work environment where racial slurs or derogatory language based upon race was a common practice.

22.    Plaintiffs Kimble and Pride were selected for discharge based upon their race, Black.  Pride was selected approximately two weeks after reporting discrimination.

## DISCRIMINATORY ASSIGNMENTS AND UNEQUAL PAY

23.    As Plaintiffs began their employment at the Facility, they observed that the management at the Facility was non-Black, despite the presence of numerous Black employees at the Facility.

24.    The management at the Facility had the ability to control the assignments for each employee, thereby controlling the hours and the locations of Plaintiffs' work duties.

25.    The non-Black management further controlled whether an employee would "go into the field" (assignment to a work shift away from Midland Facility) or "stay in the yard," (assignment to a work shift at the Midland Facility).

26.    An assignment to the "field" would frequently result in overtime pay, and, thus, significantly more pay per week compared to staying in the "yard." Often the assignments to the "field" lasted several weeks, resulting in significantly higher compensation for lengthy periods of time.

27.    Plaintiffs observed that the non-Black members of management were using their power to control assignments to provide preferential treatment to Hispanic employees over Black employees. Specifically, the non-Black management at Defendants' Midland Facility provided the

ORIGINAL COMPLAINT
KIMBLE AND PRIDE V. AFD

higher-paying assignments to the "field" to Hispanic employees over Black employees.

28.     Upon information and belief, the management at the Facility discriminated against Plaintiffs on the basis of race by continually denying Black employees assignments to the "field." As a result, Hispanic employees received significantly higher pay than Plaintiffs.

29.     In addition to "field" assignments, the non-Black management at Defendants' Midland Facility controlled the type of work that each employee was assigned such as doing office work, oil cannister maintenance or mechanical repair work.

30.     Plaintiff Pride was placed in danger when assigned to work in Laredo, Texas. Plaintiff Pride, the only Black employee present at the time, was asked by Hispanic employees to execute a dangerous task that employees were not allowed to perform.

31.     Upon information and belief, the management at Defendant's facility  purposely discriminated against Plaintiffs on the basis of race by assigning the more difficult or dangerous work duties to Black employees while reserving the easier work duties for Hispanic employees.

32.     Plaintiff Kimble observed that the work hours of himself and other Black employees went from being assigned  60 to 70 hours per week to about 30 hours per week, greatly reducing their pay.  Upon information and belief, Hispanic employees did not receive a similar reduction in their work hours.

## **RETALIATION**

33.     In or around September 2019, shortly after returning from the dangerous work in Laredo, Plaintiff Pride reported the racial slurs and disparate treatment that he was experiencing to Human Resources Generalist Zarina Castolo. The HR official did not request that he put his complaint into writing, and said she would investigate.  However, upon information and belief, no such investigation took place.

ORIGINAL COMPLAINT
KIMBLE AND PRIDE V. AFD

34.     During the Summer of 2019, Plaintiff Kimble and other Black employees made a complaint to Human Resources that they thought their hours were cut based upon their race. Plaintiff Kimble recalls going to HR twice to complain of discrimination based upon race.

35.     Despite Plaintiffs' reports to the Human Resources Department, Plaintiffs did not observe any change in their experiences of discrimination or notice that any corrective action had been taken by Defendants.

36.     Approximately two weeks after he reported discrimination, Plaintiff Pride was selected for discharge based upon his race and in retaliation for reporting discrimination.

37.     In September 2019 Plaintiff Kimble was  selected for discharge based upon his race and in retaliation for reporting discrimination.

## CAUSES OF ACTION

### Count I

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE, BLACK**
*42 U.S.C. § 1981, et seq.*
*Disparate Terms and Conditions; Termination*

38.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

39.     The conduct alleged herein violates 42 U.S.C. § 1981, *et seq*., as Defendants have engaged in the practice of race discrimination including disparate treatment in the terms and conditions of their employment, including but not limited to discriminatory work assignments and unequal pay.

40.     The conduct alleged herein violates 42 U.S.C. § 1981, *et seq*., as Defendants selected Plaintiffs for termination based upon their race.

41.     But for Defendants' discriminatory conduct based on race, Plaintiffs would not

have been denied the terms, conditions, and benefits of their employment with Defendants, and would not have been selected for termination.

42.     Plaintiffs' requests for relief are set forth below.

## Count II

### EMPLOYMENT DISCRIMINATION – HOSTILE WORK ENVIRONMENT
*42  U.S.C. § 1981, et seq.*

43.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

44.     The conduct alleged herein violates 42 U.S.C. § 1981, *et seq.*, as Plaintiffs were subjected to a hostile work environment on the basis of their race, Black.

45.     Plaintiffs' requests for relief are set forth below.

## Count III

### EMPLOYMENT DISCRIMINATION - RETALIATION
*42  U.S.C. § 1981, et seq.*

46.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

47.     Plaintiffs lodged complaints with Defendants regarding the discrimination and hostile work environment based on race to which they were subjected, and as such, engaged in protected activity under § 1981.

48.     But for Plaintiffs engaging in protected activity, they would not have been terminated by Defendants.

49.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*

## Count IV

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
Title VI of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e et seq.*
*Hostile Work Environment*

50.     Each Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

51.     The conduct alleged herein violates Title VII as the Defendants have engaged in the practice of discrimination against the Plaintiffs named herein based on their race, Black, by subjecting them to a racially hostile work environment.

52.     Plaintiffs' requests for relief are set forth below.

## Count V

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
Title VI of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e et. seq.*
*Disparate Treatment in the Terms and Conditions of Employment; Termination*

53.     Each Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

54.     The conduct alleged herein violates Title VII as the Defendants have engaged in the practice of discrimination against the Plaintiffs named herein based on their race, Black, by subjecting them to different terms and conditions of their employment, including but not limited to discriminatory work assignments and unequal pay.

55.     The conduct alleged herein violates Title VII as the Defendants have engaged in the practice of discrimination against the Plaintiffs named herein based on their race, Black, by selecting them for termination based upon their race.

56.     Plaintiffs' requests for relief are set forth below.

9

## Count  VI

### EMPLOYMENT DISCRIMINATION – RETALIATION
Title VII of the Civil Rights Act of 1964, as amended
42 U.S.C. § 2000e *et seq.*

57.     Each Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

58.     Plaintiffs reported to HR the discriminatory treatment to which they were subjected, thereby engaging in protected activity.

59.     Defendants discharged Plaintiffs in retaliation for engaging in protected activity.

60.     The Plaintiffs' requests for relief are set forth below.

## Count VII

### EMPLOYMENT DISCRIMINATION – RETALIATION
*Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.055.*

61.     Each Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

62.     Plaintiffs reported to HR the discriminatory treatment to which they were subjected, thereby engaging in protected activity.

63.     Defendants discharged Plaintiffs in retaliation for engaging in protected activity.

64.     The Plaintiffs' requests for relief are set forth below.

## Count VIII

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
*Hostile Work Environment*
*Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, et seq.*

65.     Each Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

ORIGINAL COMPLAINT
KIMBLE AND PRIDE V. AFD

66.     The conduct alleged herein violates Tex. Lab. Code § 21.001, et seq, as the Defendants have committed discrimination by subjecting the Plaintiffs to a hostile work environment based on race.

67.     Plaintiffs' requests for relief are set forth below.

### Count IX

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
*Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq.*
*Disparate Terms and Conditions of Employment; Termination*

68.     Each Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

69.     The conduct alleged herein violates Tex. Lab. Code Sec. 21.051,   as the Defendants have engaged in the practice of discrimination against the Plaintiffs named herein based on their race, Black, by subjecting them to different terms and conditions of their employment, including but not limited to discriminatory work assignments and unequal pay.

70.     The conduct alleged herein violates Tex. Lab. Code Secs. 21:001, et seq.,  as the Defendants have engaged in the practice of discrimination against the Plaintiffs by selecting them for termination based upon their race.

71.     Plaintiffs' requests for relief are set forth below.

### DEMAND FOR JURY TRIAL

72.     Plaintiffs demand a jury trial on all matters raised in this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

73.     That the practices of the Defendants complained of herein be determined and adjudged to be in violation of the rights of Plaintiffs under the federal law identified above

ORIGINAL COMPLAINT
KIMBLE AND PRIDE V. AFD

prohibiting discrimination and retaliation in employment;

74.    That judgment be entered in favor of Plaintiffs as set forth herein, and against Defendants, for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiffs;

75.    That Plaintiffs be awarded compensatory damages for their employment discrimination claims including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

76.    That Plaintiffs be awarded punitive damages for discriminatory practices done with malice or with reckless indifference to the federally protected rights of Plaintiffs;

77.    That Plaintiffs be awarded pre-and post-judgment interest;

78.    That the Court award Plaintiffs reasonable attorneys' fees and costs associated with this matter, including but not limited to expert fees and costs;

79.    That the Defendants be ordered to require training regarding discrimination based upon race and discrimination based on retaliation.

80.    That the Court retain jurisdiction over Defendants until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

81.    That the Plaintiffs be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

ORIGINAL COMPLAINT
KIMBLE AND PRIDE V. AFD

Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Highway, Ste 190
Austin, TX 78731
Telephone: 737-808-2260
Facsimile: 737-808-2262
***COUNSEL FOR PLAINTIFFS***

ORIGINAL COMPLAINT
KIMBLE AND PRIDE V. AFD